UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINA BAKER**<br>5823 Stewerf Dr.<br>Cleves, OH 45002 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 1:22-CV-442 <br><br> Judge |
| Plaintiff, | | |
| v. | | |
| **BRIDGETOWN HEALTH CARE LLC**<br>4307 Bridgetown Rd.<br>Cincinnati, OH 45211 | | |
| Defendant. | | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Christina Baker, for her Complaint against Bridgetown Health Care LLC, states as follows:

### I.     PRELIMINARY STATEMENT

1. This action arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.* Ms. Baker, a former employee of Defendant, alleges that Defendant interfered with her rights under the FMLA and discriminated against her in violation of the ADA by terminating her because of her disability and for using approved FMLA leave.

2. Ms. Baker seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, liquidated damages, compensatory damages for her noneconomic injuries, equitable relief in the form of reinstatement with

1

accommodation or front pay, and punitive damages. Finally, Ms. Baker seeks payment of her reasonable attorney fees and costs.

## II.    JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. § 2601, *et seq.*

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III.    ADMINISTRATIVE HISTORY

5. On or about September 9, 2021, Ms. Baker filed a charge of discrimination (No. 473-2021-01586) with the Equal Employment Opportunity Commission ("EEOC") against Bridgetown Health Care LLC, alleging disability discrimination. On May 23, 2022, the EEOC issued Ms. Baker a Notice of Right to Sue.

6. Mr. Baker has timely filed this claim within 90 days of that notice.

## IV.    PARTIES

7. Plaintiff Christina Baker is a United States citizen and a resident of Cleves, Ohio. Ms. Baker is a Licensed Practical Nurse and Bridgetown Health Care LLC employed Ms. Baker as a Unit Manager.

8. Defendant Bridgetown Health Care LLC, d/b/a Bridgetown Nursing and Rehab ("Bridgetown") is an Ohio limited liability company doing business in the Southern District of Ohio. Defendant Bridgetown is an employer as that term is defined by the Americans with Disabilities Act and the Family and Medical Leave Act.

## V. STATEMENT OF THE CASE

9. Mr. Baker worked for Bridgetown as a Unit Manager. In that position, she oversaw the work of other nurses.

10. In November 2020, Ms. Baker requested a leave of absence to undergo shoulder surgery. She suffered from a physical impairment that substantially limited the normal operation of her musculoskeletal system.

11. Ms. Baker requested, and Bridgetown approved, FMLA for that leave of absence.

12. When Ms. Baker informed Bridgetown's Administrator, Deborah Labazzo, that she required a leave of absence for shoulder surgery, Ms. Labazzo was angry that she would be absent for an extended period of time. Ms. Labazzo said that the shoulder surgery was "not an emergency."

13. Ms. Labazzo also told Ms. Baker that, if she was not back in two to three weeks, that Bridgetown could not guarantee she would be able to return to her position.

14. On or about November 30, Ms. Baker's physician cleared her to return to work with restrictions. Specifically, she could not use her right shoulder.

15. Ms. Labazzo refused to let Ms. Baker return with any restrictions. Ms. Labazzo informed Ms. Baker that she could not return to work until she was capable of full duty.

16. Ms. Baker was fully capable of performing her Unit Manager duties with the recommended restrictions. At the time she went on leave, she was primarily responsible for administrative work and administering COVID testing.

17. Ms. Baker remained on FMLA leave.

18. On or about January 19, 2021, Ms. Baker provided a note to Ms. Labazzo from her physician clearing her to return to her Unit Manager position without restrictions on January 25, 2021.

19. At that time, Ms. Labazzo informed Ms. Baker that she could not return to her Unit Manager position. Instead, she would have to work as a floor nurse on the night shift.

20. On January 26, 2021, Ms. Baker's physician concluded that, because the floor nurse position requires substantially more physical exertion, she could not return as a floor nurse. He indicated that she required an additional three weeks of leave.

21. On February 1, 2021, Ms. Baker's twelve weeks of FMLA leave expired.

22. Ms. Baker requested that Bridgetown extend her leave of absence until February 9, 2021, the date of her next appointment with her shoulder surgeon, as an accommodation for her disability.

23. Bridgetown denied that request and terminated Ms. Baker's employment because she remained on a leave of absence due to her disability.

## VI.   STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

24. Ms. Baker incorporates the previous paragraphs as if fully rewritten herein.

25. Ms. Baker was qualified for her position with Bridgetown.

26. Bridgetown terminated Ms. Baker.

27. Bridgetown knew Ms. Baker suffered from a disability, as set forth above.

28. Bridgetown terminated Ms. Baker because of her disability, and it denied her a reasonable accommodation, including a brief period of light duty work and a brief leave of absence following the conclusion of her FMLA leave.

29. Bridgetown also failed to engage in an interactive process with Ms. Baker when she requested accommodations.

30. As a result of Bridgetown's illegal actions, Ms. Baker has suffered damages including lost wages and emotional distress.

31. Bridgetown acted with malice and a conscious disregard for Ms. Baker's federally protected rights.

### Count 2: FMLA Interference
### (29 U.S.C. § 2601)

32. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

33. Plaintiff was eligible for FMLA leave when she requested leave in November 2020.

34. Ms. Baker worked for Bridgetown for more than one year and had worked more than 1,250 hours in the previous twelve months.

35. Bridgetown employed 50 or more people within 75 miles of Ms. Baker's place of work.

36. Bridgetown approved Ms. Baker to take FMLA leave, and internally designated Ms. Baker's leave as FMLA leave.

37. Ms. Baker's leave was due to her serious health condition.

38. Bridgetown interfered with Ms. Baker's use of FMLA leave by refusing to reinstate her on November 30, 2020, with the restrictions set forth by her physician and/or refusing to reinstate her to her position as Unit Manager in January 2021.

39. Bridgetown used Ms. Baker's use of FMLA leave as a negative factor in the decision to terminate her employment.

40. As a result of Bridgetown's actions, Ms. Baker suffered damages, including lost wages and other economic harm.

41. Bridgetown acted willfully when it interfered with Ms. Baker's request for leave.

## PRAYER FOR RELIEF

Wherefore, Ms. Baker demands judgment against Defendant Bridgetown as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Baker in an amount to be determined at trial, plus interest;

2. An equal amount in liquidated damages;

3. An order reinstating Ms. Baker to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. An award of compensatory damages for all noneconomic damages suffered;

5. An award of punitive damages;

6. An award of Ms. Baker's reasonable attorney fees and costs; and

7. An award of any other relief in law or equity to which Ms. Baker is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
bbutler@mezibov.com

*Attorney for Plaintiff Christina Baker*

## **JURY DEMAND**

Plaintiff Christina Baker demands a jury trial to resolve all issues of fact related to her Complaint.

                                               /s/ Brian J. Butler  
                                               Brian J. Butler (OH No. 0082675)